﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200831-108036
DATE: January 29, 2021

REMANDED

Entitlement to service connection for Parkinson's disease is remanded.

REASONS FOR REMAND

The rating decision on appeal was issued in January 2020; thus, this appeal comes to the Board of Veteran's Appeals (Board) under the provision of the Appeals Modernization Act (AMA). This law creates a new framework for Veterans or Appellants dissatisfied with the Department of Veterans Affairs (VA) decision on their claim to seek review. The Veteran chose the Evidence Lane. See August 2020, VA Form 10182. This Board decision is consistent with the new AMA framework.

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). 

As a general matter, establishing service connection requires competent evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); 38 C.F.R. § 3.303.

Initially, the Board notes that the January 2020 rating decision issued a favorable finding that shows that the Veteran has a diagnosis of Parkinson’s disease. The Board is bound by this; thus, the first element is met. 

Upon review, the Board finds that the October 2019 VA opinion used to deny the claim is inadequate as the examiner relied on inaccurate information. In this regard, the examiner determined that the Veteran was at Camp Lejeune for only 3 days and opined that Parkinson’s disease was not related to service. However, the Veteran reported, and the STR’s indicate, that the Veteran was at Camp Lejeune from August 2, 1958 to August 16, 1958 and August 13, 1960 to August 27, 1960, for a total of 30 days. A remand is needed to correct this pre-decisional duty to assist error. Specifically, an addendum VA opinion that considers the Veteran’s correct active service in Camp Lejeune is necessary to determine the etiology of his Parkinson’s disease. 

The matter is REMANDED for the following action:

Return the October 2019 VA examination report to the VA examiner who conducted the examination for an addendum opinion. If the original VA examiner is unavailable, a new examiner may be assigned to address the requested opinion. The relevant documents in the record, to include the Veteran’s service treatment records and record of service report, should be made available to the examiner, who should indicate on the examination report that he/she has reviewed the documents in conjunction with the opinion rendered. Examination of the Veteran is not required unless the examiner determines that an examination is necessary to provide a reliable opinion.

The VA examiner should provide the following opinions:

Is it at least as likely as not (i.e., probability of 50 percent or more) that the Veteran’s Parkinson’s disease had its onset during active service or is otherwise etiologically related to service, to include his 30 days of service at Camp Lejeune? 

 

JOHN Z. JONES

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Hemphill

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.